### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | **Case No. 3:21-md-3004-NJR** |
| **This Document Relates to** | **MDL No. 3004** |
| *Cox v. B&R Aerial Crop Care Inc et al.*, **Case No. 3:24-pq-2616-NJR** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Renewed Motion to Remand filed by Plaintiff Shirley Cox. (Doc. 34). Cox asks the Court to remand this case to the Superior Court of King County, Washington, because she does not raise any federal claims under 28 U.S.C. § 1331 and there is a lack of complete diversity among the parties under 28 U.S.C. § 1332. Defendants Syngenta Crop Protection, LLC ("Syngenta"), and Chevron U.S.A. Inc. ("Chevron") (collectively, "the MDL Defendants") filed a joint response in opposition (Doc. 35), and Cox filed a reply brief (Doc. 36). For the reasons set forth below, Cox's Motion to Remand is granted.

### BACKGROUND

Shirley Cox filed this action on behalf of herself and as the Personal Representative of the Estate of Jon Cox, her deceased husband, on July 25, 2024, in the Superior Court of King County, Washington. (Doc. 1-2). Cox seeks to recover damages for personal injuries and wrongful death allegedly resulting from her late husband's 50 years of exposure to the herbicide paraquat and his subsequent diagnosis of Parkinson's disease in 2006. (*Id.* ¶ 95). In addition to Syngenta and Chevron, Cox named B&R Aerial Crop Care, Inc. ("B&R"),

Northwest Wholesale, Inc. ("Northwest"), and The McGregor Company ("TMC") as Defendants. (*Id.*). She raises claims of negligence, breach of express and implied warranties, wrongful death, and loss of consortium against all Defendants under the Washington Product Liability Act ("WPLA"). (*Id.*). She also brings strict product liability claims for design defect and failure to warn against Syngenta and Chevron. (*Id.*).

Cox is a citizen of Washington, as are B&R, Northwest, and TMC (collectively, "the Washington Defendants"). (*Id.* ¶¶ 6, 8, 10). Syngenta is citizen of Delaware. (Doc. 35 at p. 4). Chevron is a citizen of California and Pennsylvania. (*Id.*).

On September 13, 2024, Syngenta removed this action from the King County, Washington, Superior Court to the U.S. District Court for the Western District of Washington on the basis of diversity jurisdiction under 28 U.S.C. § 1331. (Doc. 1). Syngenta claimed that Cox fraudulently joined the Washington Defendants in order to defeat federal jurisdiction and remain in state court. (*Id.*). Specifically, Syngenta asserted that Cox could not state a claim against the Washington Defendants based on the sale of paraquat, that her express warranty claims failed to state a claim, that her claims were time-barred by the statute of limitations, and that her wrongful death and loss of consortium claims failed alongside her other claims. (*Id.*).

Cox filed a motion to remand (Doc. 16), but the district court in Washington did not rule on it before the Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this Court for consolidated pretrial proceedings on December 13, 2024. (Doc. 21). Cox renewed her motion to remand on December 18, 2024. (Doc. 34).

In opposing remand, the MDL Defendants acknowledge that Cox is a citizen of Washington, but they assert that the Washington Defendants have been fraudulently joined.

Thus, their citizenship should be ignored for the purpose of evaluating federal diversity jurisdiction.

**LEGAL STANDARD**

A defendant may remove a civil action from state court when a district court has original jurisdiction over the action. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 n.2 (2019) (citing 28 U.S.C. § 1441(a)). District courts shall have original jurisdiction over all civil actions arising under federal law, as well as over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. §§ 1331, 1332(a)(1).

The party invoking federal jurisdiction has the burden of establishing it exists. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate a "reasonable probability" that subject-matter jurisdiction exists). If the district court lacks subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c). When a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

**DISCUSSION**

When a diversity case is transferred by the JPML, the substantive law applied is that of the transferor court. *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010). When considering matters of federal law, such as fraudulent joinder, the MDL court applies the law of its own circuit. *In re Abbott Lab'ys*, No. 22 C 71, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) (citing *McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001)).

Page 3 of 9

Under Seventh Circuit precedent, "[f]raudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.* (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). A defendant alleging fraudulent joinder has the "heavy burden" of establishing that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

"Framed a different way, the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Schur*, 577 F.3d 752 at 764. "[T]his standard 'is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).'" *In re Abbott Lab'ys*, 2022 WL 3586150, at *4 (quoting *Schur*, 577 F.3d at 764). Thus, even if a state court might ultimately dismiss the defendant for failure to state a claim, the joinder of that defendant is not necessarily "fraudulent" for purposes of federal court jurisdiction if the issue of state law is subject to reasonable argument on both sides. *Polson v. Cottrell, Inc.*, No. 04-CV-822-DRH, 2005 WL 1168365, at *1 (S.D. Ill. May 17, 2005).

A. <u>Records of Sales to Jon Cox</u>

While not part of their arguments, the MDL Defendants note in the Background section of their brief that the Washington Defendants have submitted sworn declarations attesting that they have no record of ever selling the MDL Defendants' paraquat products to Jon Cox, after having searched as far back as their records go. (Docs. 1-5, 1-6, 1-7). In response, Cox has presented evidence of an invoice from TMC showing that it sold paraquat products

to Jon Cox in 2010, 2012, and 2018. (Doc. 34-5). The MDL Defendants note that these invoices only show transactions that occurred *after* Jon Cox was diagnosed with Parkinson's disease, and assert that the tortious act must occur before the injury to show causation.

To the extent the MDL Defendants are claiming that the lack of evidence of sales receipts prior to 2006 proves fraudulent joinder, their undeveloped argument falls short. The MDL Defendants claim that none of the Washington Defendants have any records of selling paraquat to Jon Cox, yet the affidavit by TMC's President states that a search of its electronic sales records from January 1, 1997, to present day shows that TMC sold paraquat to Jon Cox 14 times between 2007 and 2021. (Doc. 1-7). And Northwest has no records prior to 2015 because a fire destroyed them. (Doc. 1-6). Based on this evidence, the Court cannot say with any certainty that the Washington Defendants never sold paraquat to Jon Cox before he was diagnosed with Parkinson's disease.

B.  Statute of Limitations

The MDL Defendants next argue that Cox has no reasonable probability of prevailing against the Washington Defendants on her negligence and breach of express and implied warranty claims under the WPLA because her claims are barred by the statute of limitations.

The WPLA imposes a three-year statute of limitations, accruing when "the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause." WASH. REV. CODE § 7.72.060(3). Washington's discovery rule "is intended to allow plaintiffs the chance to ascertain the harm and its cause." *Smith v. Chevron U.S.A., Inc.*, 25 Wash. App. 2d 1029, 2023 WL 1103197 at *3 (Wash. Ct. App. 2023) (citing *North Coast Air Servs., Ltd. v. Grumman Corp.*, 111 Wn.2d 315, 326-28, 759 P.2d 405 (Wash. 1988)). "[W]hen a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the

plaintiff must make further diligent inquiry to ascertain the scope of the actual harm." *Id.* (quoting *Green v. A.P.C. (American Pharmaceutical Co.)*, 136 Wn.2d 87, 96, 960 P.2d 912 (Wash. 1998)). A plaintiff citing the discovery rule "bears the burden of proving that the facts constituting the claim were not and could not have been discovered by due diligence within the statute of limitation." *Id.* at *4.

Cox alleges in her Complaint that Jon Cox developed Parkinson's disease in 2006 as a direct result of his exposure to paraquat from the 1960s to the late 2010s. (Doc. 1-2 ¶¶ 93-95). She further alleges that:

> "[a]t no time when using paraquat himself was DECEDENT aware that exposure to paraquat could cause any latent injury, including any neurological injury or Parkinson's disease, or that any precautions were necessary to prevent any latent injury that could be caused by exposure to paraquat.

(*Id.* ¶ 96).

The MDL Defendants refute this argument and claim that Jon Cox's 2006 Parkinson's diagnosis constitutes "appreciable harm" that required him to exercise diligence in inquiring into the cause of his injury, particularly given his contention that the diagnosis came after years of exposure to agricultural chemicals. Because Cox did not file this lawsuit until July 2024, the statute of limitations prevents her from bringing claims against the Washington Defendants.

What the MDL Defendants leave out is that a plaintiff must be put on notice of an "appreciable harm *occasioned by another's wrongful conduct.*" Cox alleges that the decedent, while applying paraquat, was unaware that exposure to paraquat could cause any latent injury, including any neurological injury or Parkinson's disease. (Doc. 2-1 ¶ 96). Cox further claims although paraquat has been known to be toxic to the cells of plants and animals since

at least the 1960s, and that Defendants knew or should have known that paraquat causes Parkinson's, *that information was not disclosed to the general public or end-users*. (*Id.* ¶¶ 84, 85). So even though Jon Cox was diagnosed with Parkinson's disease in 2006, it is not evident that he was placed on notice that his disease was "occasioned by another's wrongful conduct" at that time. When Cox discovered, or in the exercise of due diligence should have discovered, that he was harmed by Defendants is a question of fact for a jury to decide. *Smith*, 2023 WL 1103197 at *3 (collecting cases); *cf. Clare v. Saberhagen Holdings, Inc.*, 123 P.3d 465, 467 (Wash. Ct. App. 2005) (deciding on the summary judgment record that a plaintiff with mesothelioma should have known of the cause of his injury when his doctor noted in a medical record that his work as a truck mechanic for 30 years exposed him to asbestos-laden brake dust, causing his disease).

In *Smith*, the MDL Defendants advanced the same statute of limitations argument they make here in the context of a motion to dismiss. The MDL Defendants asserted that a plaintiff who was diagnosed with Parkinson's disease in 1997 should have discovered, with due diligence, paraquat's known toxicity and alleged link to Parkinson's disease. *Smith*, 2023 WL 1103197 at *4. In that case, Smith alleged he was never told his Parkinson's disease could have been caused by paraquat, he never read any articles that associated paraquat with Parkinson's disease, and he never read or heard of any lawsuits alleging paraquat causes Parkinson's disease. Thus, in support of its argument, Chevron inserted a footnote reference to titles of news and magazine articles since 2005 linking paraquat to Parkinson's disease and their locations in the internet archives. *Id.*

The Washington Court of Appeals found the citation to these article titles insufficient to establish that Smith should have discovered the facts supporting his product liability and

negligence actions. *Id.* at **5-6. The titles of the articles did not specifically link paraquat to Parkinson's disease, and the handful of scientific articles existed in "an assortment of less accessible media." *Id.* at *5. Even if it took judicial notice of the existence of the articles, the Washington Court of Appeals found that Chevron had not established that "no set of facts exists where Smith remained unaware of a link between paraquat and his Parkinson's even with due diligence." *Id.* at *6.

The MDL Defendants urge this Court not to follow *Smith* because it is unpublished and has no precedential value, and because the plaintiff in *Smith* pleaded facts different than those here. The Court disagrees. Smith pleaded that he was never told his Parkinson's could have been caused by paraquat exposure, he never read or heard any of articles in newspapers or scientific journals that associated Parkinson's with paraquat, and he was unaware of any lawsuits alleging that paraquat causes Parkinson's disease. Cox pleaded that "[a]t no time when using paraquat himself was [Jon Cox] aware that exposure to paraquat could cause any latent injury, including any neurological injury or Parkinson's disease." Cox pleaded the same facts as Smith with fewer words.

Moreover, *Smith* was decided on a motion to dismiss, which is an even stricter standard than that applied in the fraudulent joinder context. *Schur*, 577 F.3d 752 at 764 (the district court must ask whether there is "any reasonable possibility" the plaintiff could prevail against the non-diverse defendant). Here, the Court finds there is a reasonable possibility that Cox could prevail against the Washington Defendants if she meets her burden of proving that the facts constituting her claim were not and could not have been discovered by due diligence within the statute of limitations.

Because Cox has a reasonable possibility of prevailing on her claims against the

Washington Defendants under the WPLA,[1] the Court concludes that the Washington Defendants were not fraudulently joined and federal jurisdiction under 28 U.S.C. § 1332 is lacking.

CONCLUSION

For these reasons, the Renewed Motion to Remand filed by Plaintiff Shirley Cox (Doc. 34) is **GRANTED**. This action is **REMANDED** to the Superior Court of King County, Washington.

**IT IS SO ORDERED.**

**DATED:   June 10, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] The MDL Defendants additionally argue that Cox has failed to state an express warranty claim against the Washington Defendants. Because the Court has determined that Cox has a reasonable possibility of success against the Washington Defendants on her WPLA claims, the Court need not determine whether she has failed to state an express warranty claim.